```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
DISTRICT COUNCIL 1707, AMERICAN          :
FEDERATION OF STATE, COUNTY AND          :
MUNICPAL EMPLOYEES, AFL-CIO and          :
LOCAL 205, DISTRICT COUNCIL 1707,        :
AMERICAN FEDERATION OF STATE, COUNTY     :
AND MUNICPAL EMPLOYEES, AFL-CIO,         :    09 Civ. 5773 (DLC)
                                         :
                    Plaintiffs,          :    MEMORANDUM OPINION
                                         :         AND ORDER
          -v-                            :
                                         :
ASSOCIATION OF BLACK SOCIAL WORKERS DAY  :
CARE and ASSOCIATION OF BLACK SOCIAL     :
WORKERS,                                 :
                    Defendants.          :
                                         :
----------------------------------------X
```

APPEARANCES:

For plaintiffs:

John R. Howard
Kennedy, Jennik & Murray, P.C.
113 University Place, 7th Floor
New York, New York 10003

DENISE COTE, District Judge:

On June 24, 2009, plaintiff District Council 1707, AFSCME, AFL-CIO ("DC 1707"), and its affiliate, Local 205, DC 1707, AFSCME, AFL-CIO ("Local 205" or the "Union") (collectively, the "plaintiffs"), filed a complaint seeking confirmation of an arbitration award against the Association of Black Social Workers Day Care ("ABSW Day Care") and its parent organization, the Association of Black Social Workers ("ABSW") (collectively,

the "defendants").  The defendants have not answered the complaint or made an appearance.  By motion dated December 4, 2009, the Union moved for confirmation of the arbitration award and entry of judgment against defendants.  For the following reasons, the motion is granted.

BACKGROUND

At all times relevant to this action, defendant ABSW Day Care was a member of the Day Care Council of New York, Inc. ("Day Care Council"), a multi-employer bargaining association. The Day Care Council is party to a collective bargaining agreement (the "CBA") with plaintiff Local 205.  Article 15 of the CBA outlines a grievance procedure for resolving any dispute arising between a member of the Day Care Council and the Union under the CBA.  If the dispute is not resolved through the Article 15 grievance procedure, the CBA provides that the dispute may be submitted for arbitration.

On January 15, 2008, pursuant to Article 15 of the CBA, the Union filed a grievance protesting ABSW Day Care's termination of one of its teaching assistants, Shuwanna Burnett ("Burnett"). Attempts to resolve the dispute under the grievance procedure were unsuccessful.  The Union submitted the grievance against ABSW Day Care to arbitration, which occurred on September 11. Only ABSW Day Care, and not ABSW, was named as a party to the

arbitration.  On October 26, the arbitrator issued his opinion and award.  Finding insufficient evidence of just cause for Burnett's discharge, the arbitrator granted the grievance in its entirety and directed ABSW Day Care to reinstate Burnett with full back pay and benefits.

ABSW Day Care did not comply with the arbitrator's award.  On June 24, 2009, the Union filed a complaint to confirm the award against both ABSW Day Care and ABSW.  Service of the summons and complaint was made on both defendants on July 9.  The defendants have not answered the complaint or made an appearance.  At a pretrial conference held on November 6, counsel for the Union was advised that confirmation proceedings for arbitration awards would be treated as a motion for summary judgment.  A briefing schedule for the motion was set forth in an Order dated November 10.  By motion dated December 4, the Union moved for confirmation of the arbitration award and entry of judgment against defendants.  In their motion papers, the Union calculates that Burnett is owed $14,705.52 in back wages.  The Union also moved for prejudgment interest, attorney's fees, and costs in bringing this confirmation action.

On January 7, 2010, in response to the motion for summary judgment, defendants filed a declaration of Gloria Scott, the president of ABSW (the "Scott Declaration").  The Scott Declaration states ABSW "does not contend that there exists any

valid legal basis upon which to vacate the Award or successfully contest plaintiffs' motion for summary judgment confirming it. Accordingly, [ABSW] does not oppose plaintiffs' motion for summary judgment confirming the Award."  The Scott Declaration also explains that "the only reason [ABSW] has not already complied with the terms of the Award is its inability to do so." According to the Scott Declaration, ABSW is in "dire financial condition" and the school where Burnett was formerly employed is no longer operated by ABSW Day Care or ABSW.  Because the defendants no longer have control over the school, the Scott Declaration claims that they are unable to reinstate Burnett to her former position.  The Scott Declaration also states that ABSW "has offered to make immediate payment to Ms. Burnett in the amount of $4,000, and to pay her the remaining $8,000 balance due at the rate of $1,000 per month for each of the following eight months."  Burnett rejected this offer.

By letter dated January 20, 2010, counsel for the Union indicated that because ABSW does not oppose the Union's motion for summary judgment, the Union would not be submitting a reply to the Scott Declaration.  The letter noted, however, that the amount of back pay due Burnett, as indicated in the Scott Declaration, "is inconsistent with [Burnett's] records." Accordingly, the letter requests that "any monetary award be based on a subsequent evidentiary hearing."

4

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party.  Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or

corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"[T]he showing required to avoid confirmation is very high," D.H. Blair & Co., 462 F.3d at 110, and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). An action to confirm an arbitration award cannot be used, however, to impose liability against a nonparty to the arbitration proceeding even where the nonparty is alleged to be an "alter ego" of a party to the arbitration. See Orion Ship & Trading Co. v. Eastern States Petrol. Corp., 312 F.2d 299, 301 (2d Cir. 1963).

6

The plaintiffs have sufficiently supported their petition and demonstrated that there is no question of material fact that remains to be resolved.  Although in general, an arbitration award may not be enforced against a nonparty to the arbitration proceeding, in this case ABSW, the parent organization of ABSW Day Care, does not oppose the Union's motion for summary judgment confirming the award.  Therefore, the motion to confirm the arbitration award against both defendants is granted.

The Union calculates that Burnett is owed $14,705.52 in back wages.  Although the Scott Declaration indicates that ABSW has offered to pay Burnett $12,000 in back wages, the defendants do not explain how they reached this figure or the basis for their calculation.  Moreover, the defendants do not contest the Union's calculation of the amount of back wages owed Burnett, much less provide any evidence to undermine the Union's figure. As such, Burnett shall be awarded the $14,705.52 in back wages that the Union seeks pursuant to the arbitration award.

The plaintiffs also seek attorney's fees and costs for the confirmation proceeding.  They do not point to any statutory or contractual authority for such legal fees.  Nonetheless,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons.  As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger

7

>     refuses to abide by an arbitrator's decision
>     without justification, attorney's fees and
>     costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted).  "A party's failure to pay an arbitration award immediately, however, does not necessarily constitute bad faith."  In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Co., 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) (citation omitted).

There has been no showing that the defendants have opposed the confirmation without justification; in fact, defendants have not opposed the confirmation at all.  The defendants have explained that they are unable to reinstate Burnett to her former position because the school where she was formerly employed is no longer operated by the defendant ABSW Day Care.  Further, the defendants have explained that ABSW has not paid Burnett the full amount of back wages to which she is entitled under the award "simply because it does not have the funds to do so."  The plaintiffs have submitted no evidence to rebut these assertions.  Moreover, ABSW has offered to pay Burnett $12,000, which represents a significant portion of the back wages that she claims she is owed.  Therefore, the plaintiffs' request for attorney's fees for the confirmation proceeding is denied.

Lastly, the plaintiffs seek an award of prejudgment interest from the date of the award at 9%, which is the statutory rate under New York law. N.Y. C.P.L.R. § 5004. "Whether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts," and it has been awarded in proceedings to confirm arbitration awards. Waterside Ocean Navigation Co. v. Int'l Navigation Ltd., 737 F.2d 150, 153-54 (2d Cir. 1984) (citation omitted). The defendants have not appeared in this action and have not objected to the award of prejudgment interest or to the rate. Therefore, prejudgment interest of 9% shall be awarded.

## CONCLUSION

The December 4, 2009 motion to confirm the arbitration award is granted. Pursuant to the award, defendants shall pay Burnett $14,705.52 in back wages. Plaintiffs' request for attorney's fees and costs is denied, but prejudgment interest of 9% is awarded. The Clerk of Court shall enter judgment for the plaintiffs and shall close the case.

SO ORDERED:

Dated:   New York, New York
         March 22, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge